PRISONER CIVIL RIGHTS ACT COMPLAINT FORM
42 U.S.C. §1983
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

TRAVIS Ahmad McCANTS

(Enter above full name of Plaintiff/only
One plaintiff permitted per complaint.)

v.

Buncomb County Detention Quinten Miller

Department of Adult Corrections

Duke Eye Center Asheville Eye Associates.

(Enter above full name of defendant or defendants.)

Case No. 1:26-cv-00173-FDW

I.    PREVIOUS LAWSUITS

A.    Have you begun other lawsuits in state or federal court dealing with the same facts involved in
this action or otherwise relating to your imprisonment?      Yes (✓) No (  )

B.    If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one
lawsuit describe the additional lawsuits on an additional sheet of paper, using the same outline.

1.    Parties to previous lawsuits:
Plaintiffs: Travis Ahmad McCants was assulted by defendents in the Travis McCants
V. CHLum HARRISON) et al. Lawsuit. Defendents assulted legally blind plaintiff while
restrained in a Wheelspot at Scotland Correctiond Institution.

Defendants:
CHLum HARRISON et al defendants., HARRISON unit manger, FNU woodard C/o FNU
Nealy Correctiond Sergent, Quinten Miller, Reams Poter, D. A. Correction, Sophia Feaster, John Youker
Doctor Challa, Greywall, Christopher karmuski, T. Green Lauren Hartseck MEDIKO employee's

2.    Court (if federal court, name the district; if state court, name the
county): Buncombe County Wake County Burke County, Tabor city

3.    Docket number: 1:24CV 434

4.    Name of presiding judge: Joe L. Webster

5.    Disposition (for example, was the dismissed? Appealed? Is it still pending?)
June 17th 2025 Dismissed in part Granted in part

6.    Approximate date of case filing: June 17, 2025

WDNC – Prisoner 1983 Complaint – May 2013                                Page 1

II. PREVIOUS IN FORMA PAUPERIS LAWSUITS

    A. While incarcerated or detained in any facility, have you filed a lawsuit in any federal court in which you were allowed to proceed in forma pauperis (without prepayment of fees)?
Yes ( ✓ ) No ( )

        1. Name the court and docket number for each:
United States DISTRICT FOR THE MIDDLE DISTRICT OF North CAROLINA June 17th 2025  1:24CV434

    B. Were any of these cases dismissed under 28 U.S.C. §1915(d) on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted?
Yes ( ) No ( ✓ )

        1. If yes, how many?
N.A

        2. Name the court and docket number for each action:
UNITED STATES DISTRICT FOR THE MIDDLE·DISTRICT OF NORTH CAROLINA June 17th 2025  1:24CV434

III. EXHAUSTION OF INMATE ADMINISTRATIVE REMEDIES

    A. Did you present the facts of each claim relating to your complaint to the Inmate Grievance Commission or any other available administrative remedy procedure?
Yes ( ✓ ) No ( )

    B. If your answer is Yes:

        1. When did you file your grievance?

I file Grievance's per the Prisoners Litigation reform ACT in Prison and Jail.

        2. What was your grievance?

Delibert Indiference to serious Medical needs per Americans with Disability's ACT HIPPA requirements and seeking aid per Rehabilitation Act all grievance was submitted to the final steps.

        3. Did you appeal any adverse decision to the highest level possible in the administrative procedure? Yes ( ✓ No ( )

If yes, when was the decision and what was the result?

I have Truamatic brain injury's and have a hard time remembering things But all responses avoided any responsibility's to provide muchneed medical care or treatment in return I was transfered fromplace to place to the point now I'm legally blind

    C. If your answer to A is no, identify the claim(s) and explain why not:

I left a long paper trail because I suffered daily at the hands of Department 8 Correction staff and RCDF early Buncombe County Detention Facility I was ping pong from prison to prison to jail to jail all while my symptoms and conditions worsen. They waited so long Duke Eye, MEDIKO, Asheville Eye Associates staff members systemic corruption resulting in me returning to jail or prison denail of food, shelter even rights to my children This is what happened when I stood up and spoke out. I blind homeless and childless!

Recipient# 934404, Sender# 6227647, letter# 8290051, Tracking# 8646,

## V. STATEMENT OF CLAIM

Place(s) of occurrence: Department of Adult Corrections, Buncombe County jail Duke Eye Center, Luarenburg Regional Hospital

Date(s) of occurrence: March 23, 2023 up until today 6·9·2026 I am still being denied adequate treatment

State which of your federal constitutional or federal statutory rights have been violated:

Today June 9th 2026 prior dates June 5th 2026, March 23, 2026, June 17th 2025, from 2023 41126 the issue is ongoing I still require surgery to my unrepaired eye that treatment has been denied since 3.24.23

*State here briefly the FACTS that support your case. Describe how each defendant was personally involved in the alleged wrongful actions, state whether you were physically injured as a result of those actions, and if so, state your injury and what medical attention was provided to you.*

FACTS:

Each person acted while in uniform under the colour of law and as a sworn medical provider that prolonged, delayed care would be detrimental to my well being I sent in complaint grievance, request forms, sickcall letter to the point my pen bleed out of ink and my hands and wrist ached in pain. I done All that is require of a prisoner inmate detainee, ex con offender could do and waited to the point where I think God has no mercy. I am now legally blind because of all of those party's involved has denied me basic rights to treatment or answering grievances in a timely manner. They play evasive word games to where they excuse the others behavior to gaslight and positive results to be had

The most painful lost thing in the world is hearing I'll never see again in a eye I just had repaired

I was brutally beaten in a blind spot in prison Scotland Correctional Institution has done this before and will not stop until you help. I was assulted January 29 2023 at Piemont while in restraints then transfered to Scotland the assulted ther in handcuffs transfered again to Flor Git Granville Corrections I went to Duke Eye Emergency room from Granville But Luarnburg Regional recommended emergency surgery for the trauma to my head from both assults from Piedmont Correctional Institution to Scotland Correctional Institution Capt Steel, Lt Jones, C/o Singleton Sgt Kelsick and another offcer assulted me January 29th 2026 by Hand feet OC spray while handcuffed restrained

And waited 3 long years denying every thing until I was pronounced totally blind by Christopher Kormanski. I sent three long appointment while each doctor got paid to leave me then they seat and did nothing my blindness could've been prevented now the nerve are dead and nothing can be done

Who did what to you?

**Defendant(s) Continued**

Defendant 3: Christopher Karmanski
Name

Ratenail Sup Specailist & Asheville Eye Associates
Current Job Title

21 Medical Park Drive
Current Work Address

Asheville          North Carolina    28801
City                State             Zip Code

Capacity in which being sued: ■ Individual ■ Official ☐ Both

Defendant 4: Luaren Heartsock of MEDIKO
Name

M.D.
Current Job Title

20 Davidson Drive
Current Work Address

Asheville          North Carolina    28801
City                State             Zip Code

Capacity in which being sued: ■ Individual ■ Official ☐ Both

## I. COMPLAINT

*Indicate below the federal legal basis for your claim, if known. This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants).*

■ 42 U.S.C. § 1983 (state, county, or municipal defendants)

■ Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) (federal defendants)

■ Action under Federal Tort Claims Act (United States is the proper defendant; must have presented claim in writing to the appropriate Federal agency and received a notice of final denial of the claim pursuant to 28 U.S.C. § 2401(b))

## II. PLAINTIFF INFORMATION

Travus McCants
Name Jails

# 934404 / Opus # 0780940 prison Opus
Prisoner ID #

Buncombe Detention Facility
Place of Detention

20 Davidson Drive
Institutional Address

Asheville                North Carolina              28801
City                     State                       Zip Code

## III. PRISONER STATUS

*Indicate whether you are a prisoner or other confined person as follows:*

■ Pretrial detainee   ☐ State   ☐ Federal
☐ Civilly committed detainee
☐ Immigration detainee
☐ Convicted and sentenced state prisoner
☐ Convicted and sentenced federal prisoner

## IV.    DEFENDANT(S) INFORMATION

*Please list the following information for each defendant. If the correct information is not provided, it could result in the delay or prevention of service. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.*

Defendant 1: <u>Quinten Miller</u>
Name

<u>Sheriff</u>
Current Job Title

<u>60 Court Plaza</u>
Current Work Address

<u>Asheville        North Carolina        28801</u>
City                        State                Zip Code

Capacity in which being sued: ■ Individual ■ Official □ Both

Defendant 2: <u>Sergant Reems</u>
Name

<u>20 Davidson Drive  Transport officer</u>
Current Job Title

<u>20 Davidson Drive</u>
Current Work Address

<u>Asheville        North Carolina   28801</u>
City                        State        Zip Code

Capacity in which being sued: ■ Individual ■ Official □ Both

**What happened to you?**

I was assulted by Correctional Offiser's at Piemont Correctional Institution while I was In handcuffs then peppered sprayed in the face on January 29, 2023. No displinary actions was taken cut the incident wasn't my foult offiser refused to feed me after I missed chew call I was just released from the infirmary because I was hospitalized at Rowan Rowan Regional Hospital for an adnormal heart beat heart murmur, and congestive heart failure. December 19th maybe ealier I began asking for reasonable accommundations per A.D.A. So correctional Singleton, Sgt Kelsick and other officer unknown due to my Lowvision visual impairments legally blindness per Docter Christopher Komanski of Ashville Eye from a recent operation on June 29, 2022 while awaiting trail at the Buncombe County jail. Now apon me being found guilty at jury trail for Asult on goverment Official inflicting serious injury's. I was sent to the Department of Adult corrections without an adequate treatment plan I wasn't provided reasonable accommundation while awaiting trail. So under the care of MediKo staff and D.A.C. I am legally blind now!

**When did it happen to you?**

One assult happened January 29th and the other March 23, 2023 the day of Ramadon for Muslims. And all the way up until today June I am still suffering at the hands of Buncombe County Sheriffs Deputies and MEDIKO staff. They have knowledge of my Heart condition they will put me on very strong meds by starting off in small doses til large quentities of doses then stop the meds abruptly. Med adminstered by M.A.T. programs med teck that has serious and heamful side effects

But I am subjected to no treatment at all while housed here at Buncombe County jail where they are also subjecting me to sexual abuse. The Civil Rights Violations are violated somuch its a social norm at BCDF

**Where did it happen to you?**

All this happened within a 5 to 8 year spand but I just recently foundout about my neve going completely dead inside my right eye that has been mased over and over since being operated on. To answer the question Piemont Correctional Institution, Scottland Correctional Institution is where I've been assulted in handcuffs. The other Defendents aided in transfering me they keep or kept transfering we need the transfer records and count the number of times I was carted across the state of N.C. to prevent accountability!

Page 6 of 10

What was your injury?

My mental health went untreated for long periods of time but I recieved meds to help with depression, anxiety, nightmares, night tares, flashbacks. My body is riddle with aches and pains to my head down to the bottom of my feet. Community non profits refuse to help me from At Hope Homes, wol bound, Compass point Housing Authority RHA D.S.S. Human Health Services, I am denied housing food stamps Socail Security its like their waiting for me to broke the law the I am locked up quick fast and in a hurry I've served two C.R.V.'s without violating any rules of Post Release under Parole officer Braxin Edwards Calvin Hill stalks my cases because he is having an affair with my son's mother So once apon a time he was Curtisha V. Thorps Court appointed lawyer since then he granted her a 50b found me guilty for violating the 50b found me guilty of all the cases I had went against the Structured sentencing ACT, violating HIPPA Rehabilitation ACT ADA and any other Law rule, guideline, policy, procedure etc. I am not the monster they paint me out to be so I kept a professional demeanor and handled business writting letter to Roy Cooper Josh Stein Grievances request forms reasonble accommodation forms sick calls you name every day I was passive by writting I felt free and justified. They Cannot undo the paper trail I left behind while they was arrogant I wrote while I suffered I wrote when I needed help I wrote every chance I got I reachout for help and some how the ones that do help end up turning corrupt with the rest of the bunch. So here I am again writting against Systemic Corruption a well oiled machine of politics I aint scared. They well have to kill me to stop me from writting they've even took my children away from me I am a law abiden citizen how much do a man has to endure to enjoy freedom of peace that Unite States constitution ensures! The 1983 civil rights claim is more then a lawsuit its a voice for my innocent son pawned off to a couple who I've never met this just out right kidnapping while hidden behind justice. Who will hold these wolf's dressed in sheep clothing accountable.

Please help I beg you help me!

Recipient# 934404, Sender# 622642, Letter# 827980, Tracking# 6001,    Page 58 of 65

Rev. 7/1/2015

# Notice to Inmates
# Filing Civil Actions

As a result of legislation passed in April, 1996, once an action is filed and given a civil action number, you will be responsible for the entire filing fee, regardless of the final disposition of the case. This includes a voluntary dismissal.

Rev. 7/1/2015

# INSTRUCTIONS FOR FILING A COMPLAINT BY A
# STATE PRISONER UNDER THE CIVIL RIGHTS ACT
# 42 UNITED STATES CODE SECTION 1983
# OR BY A FEDERAL PRISONER IN FILING A BIVENS CLAIM

This packet contains two (2) copies of a complaint form and one (1) financial affidavit form. To start an action you <u>MUST</u> file an original complaint with original signature, one copy of your complaint for the court <u>AND</u> one copy for each defendant you name. For example, if you name two defendants, you must file an original and three copies of the complaint. Pursuant to Rule 4(c)(l) of the Federal Rules of Civil Procedure, a summons must be served with a copy of the complaint. Also, Rule 4(i) indicates if serving the United States and Its Agencies, Corporation, Officers, or Employees, a copy of the summons must be served to the United States Attorney for the District and the Attorney General of the United States. If a Federal Agency or Federal employee is a defendant, you must file four additional copies. You should keep or photocopy an additional copy of the complaint for your own records. **THE COURT CANNOT PROVIDE FREE PHOTOCOPIES TO LITIGANTS EXCEPT IN SPECIAL INSTANCES.** If you should name more than two defendants, additional copies of the complaint form will be made available to you. Do not argue law or facts in the complaint, as such argument is improper. Try to avoid use of extra sheets and do not submit exhibits or other evidentiary matters unless the Court directs you to do so. <u>All copies of the complaint must be identical to the original.</u>

**The processing of the complaint will be delayed unless it conforms to these instructions and to these forms.**

Your complaint must be legibly typewritten or handwritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. <u>**Your complaint can be brought in this Court only if one or more of the named defendants is located within this district (see attached list).**</u> Further, you must file a separate complaint for each claim that you have unless they are all related to the same incident or issue. *You are also required to furnish, so that the U.S. Marshal can complete service, the correct name and address of each person you have named as a defendant.*

*If you seek permission to file a case without <u>prepayment</u> of the required fees and costs* (the filing fee and Marshal Service fee for each defendant served), you can fill out the application to proceed without the prepayment of fees. Your application must be accurate, for it is subject to close scrutiny and the Court will seek financial information about you from prison or jail officials. If you choose the pay $400.00 ($350.00 filing fee plus $50 administrative fee) at the time you send your complaint, the fee may be paid in cash, or by check or money order made payable to "Clerk, U.S. District Court." The U.S. Marshal will notify you regarding the fees for service and any monies should be forwarded to the U.S. Marshal Service.

When these forms are completed, **mail the original with original signature** to the:

> **Clerk, United States District Court**
> **Eastern District of North Carolina**
> **P.O. Box 25670**
> **Raleigh, NC 27611**

# United States District Court
## Eastern District of North Carolina
### Western Division

**Case No.** _____

(To be filled out by Clerk's Office only)

Travis MCCants

Attorney Glenn A. Barfield

*(In the space above enter the full name(s) of the plaintiff(s).)*

Inmate Number 0780940

**COMPLAINT**

-against-

*(Pro Se* Prisoner)

Director of Department of Adult Corrections, Quinten Miller Sgt. Reams Christopher Konmanski, Lucron Heartsock, Doctor Groywall and Chalta of Duke Eye Center, Thomas Diepenbrock Andrea Dray, Calvin Hill, Hannah Frost, Jason Pitts

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section IV. Do not include addresses here.)*

Jury Demand?
■ Yes
☐ No

---

**NOTICE**

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

---

**EASTERN DISTRICT OF NORTH CAROLINA**
Clerk's Office, United States District Court, Eastern District of North Carolina, P.O. Box 25670, Raleigh, NC 27611

BEAUFORT
BERTIE
BLADEN
BRUNSWICK
CAMDEN
CARTERET
CHOWAN
COLUMBUS
CRAVEN
CUMBERLAND
CURRITUCK
DARE
DUPLIN
EDGECOMBE
FRANKLIN
GATES
GRANVILLE
GREENE
HALIFAX
HARNETT
HERTFORD
HYDE
JOHNSTON
JONES
LENOIR
MARTIN
NASH
NEW HANOVER
NORTHAMPTON
ONSLOW
PAMLICO
PASQUOTANK
PENDER
PERQUIMANS
PITT
ROBESON
SAMPSON
TYRRELL
VANCE
WAKE
WARREN
WASHINGTON
WAYNE
WILSON

**MIDDLE DISTRICT OF NORTH CAROLINA**
Clerk's Office, United States District Court Middle District of North Carolina, 324 W. Market St., Greensboro, NC 27401

ALAMANCE
CABARRUS
CASWELL
CHATHAM

DAVIDSON
DAVIE
DURHAM
FORSYTH
GUILFORD
HOKE
LEE
MONTGOMERY
MOORE
ORANGE
PERSON
RANDOLPH
RICHMOND
ROCKINGHAM
ROWAN
SCOTLAND
STANLY
STOKES
SURRY
YADKIN

**WESTERN DISTRICT OF NORTH CAROLINA**
Clerk's Office, United States District Court, Western District of North Carolina, Federal Building, Room 204, 401 West Trade Street, Charlotte, NC 28202

ALEXANDER
ALLEGHANY
ANSON
ASHE
AVERY
BUNCOMBE
BURKE
CALDWELL
CATAWBA
CHEROKEE
CLAY
CLEVELAND
GASTON
GRAHAM
HAYWOOD
HENDERSON
IREDELL
JACKSON
LINCOLN
MACON
MADISON
McDOWELL
MECKLENBURG
MITCHELL
POLK
RUTHERFORD
SWAIN
TRANSYLVANIA
UNION
WATAUGA
WILKES
YANCEY

Recipient# 934404, Sender# 672764, Letter# 827980, Tracking# 5001,

IV. PARTIES
A. Plaintiff's Name:
Travus Ahmad McConts
Address/Place of Confinement: Buncombe County Detention Facility
20 Davidson Drive Asheville N.C. 28801
B. Defendant(s)

Name of Defendant 1: Quinten Miller
Position: Sheriff
Place of Employment: Buncombe County Sheriff's Department
Current Address: 60 Court Plaza Asheville N.C. 28801

Additional Defendant(s) provide name, position, place of employment, and current address for each.

Defendant 2: Calvin Hill Chief residental Judge of supreme Court 60 Court Plaza Asheville N.C 28801

Defendant 3: Asheville Eye Associates Christopher Karwoski Rental specuilist 2 Medical Park Drive Asheville North Carolina 28801

Duke Eye Center Dr Challa, Doctor Crureywell Address unknown

Defendant 4: Department of Adult corrections Kimberly Gorade Sophie Feaster, Director of Prisons, Doctor Hill of Tabor City Doctor John Ranady D.A.C. Contracted medical company

(Continue on separate sheet if necessary.)

V. STATEMENT OF CLAIM
State here as briefly as possible the FACTS in your case. Do this by describing how each defendant named in Section IV B. above is personally involved in depriving you of your rights. All relevant times, dates, and places should be included. YOU MAY, BUT NEED NOT, GIVE LEGAL ARGUMENTS OR CITE ANY CASES OR STATUTES. You may only combine claims involving events that relate to all defendants. Number and set forth each separate claim in a separate paragraph. Unrelated claims involving separate events must be set out in a separate complaint. (Attach additional sheets if necessary.)

Each individual Collaberated in denying me adequate medical treatment, Reentry services Rehabilitation services per the Americans with Disabilities ACT, HIPPA They violated my right to access courts being sentenced per Structured Sentencing ACT I was denied housing, S.S.I. food stamps. Custody of my kids. Prolonged delayed and hindered me from getting prope care treatmnt to the point I suffered for 3 and half years while getting transported back and fourth to Jail to Prison they willfully used my custody case in juvenile court to transfer me constently to the point my peers thought I was snitching and stabed me the month of November 2019 my custdey case remained open for 8 and half year and the still took my son from I follwed orders rules every assult was unprovoked I never once attacked any body but as for professional curtasy people turned a blind eye to the goings on dealing with me. They infested my life commented crimes and got away with because I am a blind harmless black man!

WDNC – Prisoner 1983 Complaint – May 2013

Page 3

Recipient# 934404, Sender# 6227647, Letter# 8290051, Tracking# 3646,

Denial of Due processing in the jail they do it so they'll no if you know how to defend yourself or if your smart enough to hold them accountable. Then they deny you access to courts effective assistance of counsel, tamper with your mail, food, sexually abuse you by pat downs, provide poor medical treatment to a protocol to keep cost down Just recently I went to the Eye doctor and Quinton Miller told them at Asheville eye to only see me for Eye glasses filling my old outdated prescription was filled instead of providing me a new eye examination them knowing about my dizzy spell flashers, spots, floaters, headaches, migrains my vision needed to be checked, But I am very greatful for the reasonable accommedation they have afforded me. I've sent in request for reasonable accommodations during trial and here at the Buncombe County Jail to no avell they deny me access to items ADA entitles me to have. Upon being released they allow me to go to the street with no income home plan, food no nothing I am sent to Vargrency /homelessness. I put in grievances, an all that has went in Grievances was my secret weapon to use as a tool to prove my case of the injustice and systemic corruption. I have been ever sentenced per the structure d sentencing ACT. Denying me the rights of the Fair Hausing ACT Social Security ACT rights have been violated

All these Act have been Violated without Due Processing which has become the social norm. I would like to seek justice inside your court

VI. REQUESTED RELIEF

STATE BRIEFLY EXACTLY WHAT YOU WANT THE COURT TO DO FOR YOU. YOU NEED NOT MAKE ANY LEGAL ARGUMENTS, OR CITE ANY CASES OR STATUTES.

Sue each party for the summ of a million dollar, to not be discriminated against and not have my rights violated to have an 50b, or probebtive order swam out against each party to prevent further damages to me and my family

To be aided and assisted per Americans with Disabilities Act
To gain adequate Medical treatment per HIPPA and ADA and Rehabilitations ACT
To have any mistakes amended by a professional counsel man
To have all grievances submitted from D.P.C. to Buncombe County, Detention Facility
To Grievances subpeena from DSS and A-Hope Homeward bound
To have records subpeena from Buncombe County Courthouse and Mission Haywood Haywood Medical.
To get mental health treatment
To be help with PREA investigation
To have my due Processing honored
To beable to access any and all court dates I am dangerghtaccess courts

Case 1:26-cv-00173-FDW     Document 1     Filed 06/15/26     Page 20 of 35

## VIII. PRISONER'S LITIGATION HISTORY

*The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in forma pauperis in federal court if that prisoner has "on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. §1915(g).*

Have you brought any other lawsuits in state or federal court while a prisoner? ☐ Yes ☐ No

If yes, how many? #1 TRAVUS McCants Vs. CHUM HARRISON etal,

Number each different lawsuit below and include the following:

- Name of case (including defendants' names), court, and docket number
- Nature of claim made
- How did it end? (For example, if it was dismissed, appealed, or is still pending, explain below.)

TRAVUS MCCANTS VSCHUM HARRISON etal this matter is still pending in the Middle District of North Carolina District Court Honorable Judge Joel Webster Case Number 1:24 CV 434.

## VI. ADMINISTRATIVE PROCEDURES

*WARNING: Prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). Your case may be dismissed if you have not exhausted your administrative remedies.*

Have you filed a grievance concerning the facts relating to this complaint? ☐ Yes ☐ No
    If no, explain why not:

_____

_____

_____

_____

_____

_____

Is the grievance process completed? ☐ Yes ☐ No
    If no, explain why not:

_____

_____

_____

_____

## VII. RELIEF

*State briefly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.*

_____

_____

_____

_____

_____

_____

_____

Page **8** of **10**

## IX. PLAINTIFF'S DECLARATION AND WARNING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.**

*Each Plaintiff must sign and date the complaint and provide prison identification number and prison address.*

6-9-2026
Dated

*Travus McCants*
Plaintiff's Signature

Travus McCants
Printed Name

0780940
Prison Identification #

2601 Mail Service Center   Raleigh   North Carolina   27699
Prison Address          City       State       Zip Code

**N.C. Crim. Prac. Forms § 29:64 (6th ed.)**

North Carolina Criminal Trial Practice Forms   August 2016 Update
Ronald M. Price.

Chapter 29. Sentencing

§ 29:64. Prior record request

References

State of North Carolina

County of *[name of county]*

| | |
|---|---|
| State of North Carolina, | IN THE GENERAL COURT OF |
| | JUSTICE *[DISTRICT/SUPERIOR]* |
| v. | COURT DIVISION *[Number of district]* |
| | JUDICIAL DISTRICT |
| *[Name of defendant].* | File No. *[file number]* |

To: *[name of district attorney]* District Attorney

Your are hereby requested to provide defense counsel with a copy of the defendant's prior record in your hands or knowable by you.

Respectfully submitted,

_____
*[Name of attorney for defendant]*
Attorney for Defendant
*[Name of law firm]*
*[Address of attorney for defendant]*
*[Telephone number of attorney for defendant]*
*[State bar number of attorney for defendant]*

**Notes**

Supreme Court of North Carolina | Jan 27, 1981 | 302 N.C. 129

> **Overview:** In products liability suit, plaintiff made a prima facie showing that she gave notice within a reasonable time and that her evidence was sufficient to withstand defendant's directed verdict motion.

... plaintiff's glasses off and the corner of her left eye was badly cut, causing temporary **blindness**. Only plaintiff's two-year-old grandson was with her when the accident occurred, and it was not until her son returned home from work approximately one hour later...

58. ● **Cobb v. Town of Blowing Rock, 213 N.C. App. 88**

Court of Appeals of North Carolina | Jul 05, 2011 | 213 N.C. App. 88

> **Overview:** A trial court erred in refusing to instruct the jury on how to consider the child's age because jury had to be instructed to consider the known or reasonably foreseeable characteristics of lawful visitors when determining whether a town had discharged its duty to exercise reasonable care in maintaining its property for the protection of the child.

... similar circumstances. If one or more of a person's senses is impaired because of **blindness**, deafness, or some other handicap, the law requires him to take more care and use more vigilant caution for his own safety on public ways in order to compensate for...

... leaving the platform. At the beginning of the Glen Burney trail, the hiking trail that **leads** to the waterfalls, there was a sign with a map of the trails that warned visitors not to leave the designated marked trails. A cable had been extended between two trees...

... punishing landowners. Furthermore, the bright line approach has the potential to **lead** to illogical and unjust results. Under these circumstances, Nelson eschews the use of mechanistic, bright line rules and encourages us to place the reasonableness of...

... material fact where the plaintiff tripped and fell on an irregularity in the sidewalk **leading** to the emergency room entrance, at night, with inadequate lighting. The Court noted that [v]iewed in sum, our prior cases merely establish that the facts must be viewed...

... ordinary care in watching where she was walking, might consider a fault in a sidewalk **leading** into a hospital emergency room quite differently from an identical fault in an ordinary city sidewalk. A reasonable juror could believe that people entering emergency...

59. ▲ **Chaffin v. Brame, 233 N.C. 377**

Supreme Court of North Carolina | Mar 28, 1951 | 233 N.C. 377

> **Overview:** Judgment in favor of an auto driver who collided with a truck that was parked on a highway without warning lights was affirmed because the auto driver did everything possible to avoid the collision just as soon as the truck became visible.

... headlights. As a consequence of the unlighted state of the parked truck and the partial **blindness** induced by the glaring and undimmed headlights confronting him, plaintiff could not see defendant's truck until his car passed the headlights of the Garland automobile...

60. ▲ **State v. Howard, 334 N.C. 602**

Supreme Court of North Carolina | Sep 10, 1993 | 334 N.C. 602

> **Overview:** Defendant was not prejudiced by failure to rule on motions for mistrial and dismissal prior to sentencing because least severe sentence was imposed, which could not have been reduced even if defendant testified at sentencing hearing.

... altercation with the deceased from an angle. Ms. Hinnant had poor vision (approaching **blindness** in her left eye) and had consumed two alcoholic drinks prior to witnessing the altercation. Within twenty-four hours of the shooting Ms. Hinnant signed her name to...

## 61. ⓐ State v. Miles, 2005 N.C. App. LEXIS 1020

Court of Appeals of North Carolina | May 17, 2005 | 2005 N.C. App. LEXIS 1020

... confession and determined that "the evidence did not indicate that defendant's **blindness** or injuries [to his head and buttocks] at the time of his confession had any bearing on the voluntariness of his waiver and statement," noting that the injuries "...

## 62. ▲ State v. Crawford, 329 N.C. 466

Supreme Court of North Carolina | Aug 14, 1991 | 329 N.C. 466

> **Overview:** Defendant's first-degree murder conviction was proper as evidence proved defendant forced boy to drink large quantities of water, which caused death by water intoxication, and neither malice, premeditation nor deliberation was an element of crime.

... water created a tremendous headache, which culminated in a scream followed by **blindness**; and there was adequate evidence for the jury to find that defendant's acts in this instance were for the purpose of punishment. 6. Criminal Law § 21.5 (NCI3d) --...
... water created a tremendous headache, which culminated in a scream, followed by **blindness**. Lastly, based on defendant's past pattern of punishing Christopher, there was adequate evidence for the jury to find that defendant's acts were for the purpose ...

## 63. ▲ Kelly v. Duke Univ., 190 N.C. App. 733

Court of Appeals of North Carolina | Jun 03, 2008 | 190 N.C. App. 733

> **Overview:** Sister of a deceased employee was awarded death benefits because the action was not time-barred as the statute of limitations in N.C. Gen. Stat. § 97-38 began on the date of the decedent's disability from an occupational disease, which was the date the employee became incapable of earning the wages that she was receiving at the time of the injury.

... vested right to payment of 240 weeks of compensation for decedent's industrial **blindness**. On appeal, defendant contends that the Commission erred by: (1) failing to conclude that plaintiff's claim for death benefits was barred by the statute of limitations...

## 64. ▲ Thacker v. Ward, 263 N.C. 594

Supreme Court of North Carolina | Jan 29, 1965 | 263 N.C. 594

> **Overview:** Motorist's allegations were insufficient for recovery of damages for traumatic neurosis arising out of a vehicle accident because defendants were entitled to pleading-notice that the motorist sought to recover damages for a psychoneurotic reaction.

... inches "like a printing press." When in the early part of 1962 he began to fear **blindness** from the accident, he consulted an opthalmologist. He prescribed glasses, which plaintiff did not purchase, and the eye symptoms eventually disappeared. He still...

## 65. McPherson v. Ellis, 305 N.C. 266

Supreme Court of North Carolina · Mar 03, 1982 · 305 N.C. 266

> **Overview:** New trial was warranted in medical malpractice action because jury was erroneously instructed to determine whether physician's disclosure of risk of paralysis was required where evidence indicated that standard of care required disclosure of risk.

... in 500 chance of "severe complication or permanent neurologic deficit" (meaning **blindness** or paralysis); Ms. McPherson testified that he did not so advise her. Ms. McPherson became concerned about the risk of blood clots and headaches and expressed her...

## 66. State v. Wilson, 388 N.C. 488

Supreme Court of North Carolina · Oct 17, 2025 · 388 N.C. 488

> **Overview:** The Court emphasized that mootness is an exception to normal appellate review of Batson determinations, not the default rule. The Court rejected the notion that step one is automatically mooted whenever the State offers race-neutral reasons before the trial court rules.

... of Batson ." Wilson , 291 N.C. App. at 293 . In reaching this determination, the **lead** opinion stated that this Court's "reservation of its analysis to the first step of Batson " in Campbell was "based on the fact that 'the trial court clearly ruled there...
... articulated its reasons.'" Id. at 291 (quoting Campbell , 384 N.C. at 136 ). The **lead** opinion reasoned that because step one was moot, the trial court was "required, pursuant to Hobbs , to engage in a full analysis of [d]efendant's arguments that the ...
... prima facie case at step one. Id. at 297, 300 . B. Analysis As noted above, the **lead** opinion at the Court of Appeals appears to have concluded step one was moot for three reasons: (1) the circumstances were not identical to those in Campbell ; (2) the...
... analyze whether the trial court ruled on the State's justifications. Instead, the **lead** opinion merely concludes that since the trial court "issued its ruling after soliciting input from the State, it was required . . . to engage in a full analysis" under...
... apparent demeanor and conduct. Just as trial court judges are not required to feign **blindness** or deafness at step one, appellate courts are not required to engage in a fiction or speculate that the State's input provides the singular source of information ...

## 67. In re Will of Buck, 130 N.C. App. 408

Court of Appeals of North Carolina · Aug 04, 1998 · 130 N.C. App. 408

> **Overview:** Where the propounders of a will made the appointment with the lawyer, escorted the decedent to his office and participated in the will's execution, the caveator presented sufficient evidence to support the jury's verdict finding undue influence.

... physical and mental health that he could no longer take care of himself due to **blindness**, partial paralysis and heart disease. Although testator lived alone, Kenneth, Mallory and Ronald Gene Buck were his primary caretakers during the two weeks preceding...

68. [icon] **Smith v. Norfolk & S. R.R. Co., 114 N.C. 728**

Supreme Court of North Carolina · Jan 01, 1894 · 114 N.C. 728

> **Overview:** The engineer had a duty to watch for obstructions on the track and to stop when he saw the decedent on the track. The question was whether decedent's contributory negligence, or the engineer's negligence, was the proximate cause of the accident.

... be regarded with that kindness and indulgence which we instinctively concede to **blindness**, or deafness, or any other physical infirmity. . . . Disabilities, moreover, of any kind, are to be a shield and never a sword. It would be a strange rule of law ...

... contribute to the immediate injury." The Court adopts the principle laid down in the **leading** case of Houston v. Sympkins, supra , and it may be well to reproduce an extract from the opinion in that case. The Court said: "In our opinion, there is a distinction...

... part, no remedy." In the same section that author (page 1269), after citing the **leading** case of R. R. v. Miller, 25 Mich. 274 , quotes from the opinion of Chief Justice Christiancy as follows: "If, however, he, the engineer, sees a child of tender years...

... Was the defendant negligent or guilty of negligence?" While the third issue would **lead** to the very same result by eliciting an answer to the question whether the accident could have been averted by ordinary care on the part of the defendant, being in form...

69. [icon] **Parrish v. Atlantic C. L. R. Co., 221 N.C. 292**

Supreme Court of North Carolina · May 20, 1942 · 221 N.C. 292

> **Overview:** A motion to strike was reviewable because it was made as a matter of right. Allegations as to a railroad's post-accident removal of obstructions on a crossing and discipline of employees should have been stricken as irrelevant to the railroad's duty.

... plaintiff's claim to recovery. At any rate, we cannot say that the allegation of the **blindness** of the crossing, although not coupled in this particular paragraph with any of the other elements which are necessary to give such an allegation force, is irrelevant...

70. [icon] **Rucker v. High Point Memorial Hospital, Inc., 285 N.C. 519**

Supreme Court of North Carolina · Jul 01, 1974 · 285 N.C. 519

> **Overview:** Where patient's leg wound became gangrenous but was sent home, there was sufficient evidence of malpractice to submit the case to a jury. Expert who was familiar with the standard of care in accredited hospitals was qualified to testify.

... Alaska , for example, would be informed and knowledgeable on the treatment of snow **blindness**, frozen feet, and frostbitten lungs, but they would be without experience in the treatment of rattlesnake bites.  A Florida doctor would know about the snake bites...

71. ❖ Hill v. StubHub, Inc., 219 N.C. App. 227

Court of Appeals of North Carolina | Mar 06, 2012 | 219 N.C. App. 227

> **Overview:** In action based on plaintiffs' purchase of concert tickets at more than twice face value, defendant was entitled to claim immunity under 47 U.S.C.S. § 230 , which operated to bar plaintiffs' individual claims stemming from price at which they purchased tickets; defendant simply functioned as a broker, not agent of defendant in the transaction.

... Housing Coun., San Fernando v. Roommates.com , 521 F.3d 1157 (9th Cir. 2008) , a **leading** case concerning the scope of the exemption from liability granted by 47 U.S.C. § 230 , which is cited extensively in the trial court's order, the defendant operated...

... subject to any liability on the basis of "reasonable foreseeability" or "willful **blindness**" analysis. Thus, the fact that Defendant may have been on notice that its website could be used to make unlawful sales and that certain of Defendant's practices may...

72. ❖ Gupton v. Builders Transport, 320 N.C. 38

Supreme Court of North Carolina | Jul 07, 1987 | 320 N.C. 38

> **Overview:** The award of workers' compensation benefits to employee was improper, as the award limited benefits to those under one section of the Workers' Compensation Act when the employee could have been entitled to benefits under more than one section.

... Fleming v. K-Mart Corp. , 312 N.C. 538 , 324 S.E. 2d 214 . This symmetry logically **leads** us to hold that a claimant who is entitled to benefits under either N.C.G.S. § 97-31 or N.C.G.S. § 97-30 may select the more munificent remedy. "The pervasive canon...

... presently disabling, could manifest itself later in the form of partial or total **blindness**. . . . However, we note again that plaintiff's right to recovery of any medical expenses is entirely statutory and that any change in the law is a legislative responsibility...

73. Ⓐ Sheppard v. Zep Mfg. Co., 114 N.C. App. 25

Court of Appeals of North Carolina | Mar 15, 1994 | 114 N.C. App. 25

> **Overview:** As risk of harm of chemical was unduly great, defendants were not entitled to rely on inadequate actions of employer to evade liability for injuries employee sustained when he slipped and fell in chemical during a sales demonstration.

... liquid can cause immediate tissue damage or destruction to skin, eyes (can cause **blindness**), or upper respiratory tract. . . . SPECIAL PRECAUTIONS . . . Keep product away from skin and eyes." Ms. Griffin testified that she wore nytral gloves when applying...

74. Drum v. Miller, 135 N.C. 204

Recipient# 934404, Sender# 6227647, Letter# 8279801, Tracking# 5001,

Supreme Court of North Carolina · Apr 26, 1904 · 135 N.C. 204

> **Overview:** Although a teacher had the right to discipline his students as he saw fit, he was negligent if he acted maliciously and caused a permanent injury, or if injury was a foreseeable result of his actions.

... inflicting a very painful and serious wound, and causing partial, if not total, **blindness**. The plaintiff insisted that the act of the defendant in throwing the pencil was done maliciously and that, even if there was no malice, the injury to the plaintiff...

75. ✦ Lackey v. North Carolina Dep't of Human Resources, etc., 306 N.C. 231

Supreme Court of North Carolina · Jul 13, 1982 · 306 N.C. 231

> **Overview:** Where the evidence showed that the claimant was totally disabled for a period in excess of 12 months and could not engage in substantial employment, the claimant was entitled to disability benefits for the stab wound he received to his abdomen.

... with response; and prognosis; and (6) Medical assessment (except in statutory **blindness** claims). 20 CFR § 416.928 covers symptoms, signs, and laboratory findings as follows: Medical findings consist of symptoms, signs, and laboratory findings: (a) Symptoms...

... and specific clinical and laboratory findings. Their opinions, thus supported, **lead** unequivocally to the conclusion that plaintiff was totally disabled for a period in excess of 12 months. VI We conclude that the Court of Appeals correctly reversed ...

76. ✦ McKinnon v. Morrison, 104 N.C. 354

Supreme Court of North Carolina · Jan 01, 1889 · 104 N.C. 354

> **Overview:** In seller's suit to enforce agricultural lien that secured a mortgage on a horse, verdict for buyer on his counter-claim for breach of contract was upheld where horse died within six weeks, and seller failed to obtain insurance on horse as agreed.

... from the value of the horse, after first deducting any depreciation on account of **blindness**, to the extent only of the actual value of the horse, and they would answer fifth issue 'Ninety dollars.'" His Honor submitted the following issues to the jury, in...

77. Ⓐ Tillett v. Norfolk & W. R. Co., 118 N.C. 1031

Supreme Court of North Carolina · Jan 01, 1896 · 118 N.C. 1031

> **Overview:** In a personal injury action, a passenger was entitled to recover from a lessor railway and a lessee railway because the railways were jointly liable after ordinary care was not exercised to provide for the passenger's safety.

... injury? "7. Was the injury complained of the cause of the plaintiff's alleged **blindness** and incapacity to conduct his business? "8. Was the plaintiff injured in the manner described and alleged in the complaint?" His Honor refused to submit these issues...

Recipient# 984404, Sender# 687647, Letter# 87989, Tracking# 2021,    Page 26 of 65

78. ◆ Evans v. Evans, 153 N.C. App. 54

Court of Appeals of North Carolina ｜ Sep 17, 2002 ｜ 153 N.C. App. 54

> **Overview:** In worker's suit after clamp failed on irrigation system, verdict was properly directed for clamp manufacturer on claim of failure to give adequate warnings, as there was no evidence that lack of warnings was proximate cause of worker's injuries.

... , struck plaintiff in the face, causing serious, permanent injuries, including **blindness** in both eyes. Neither plaintiff's father nor his uncle, who were both working nearby when the accident occurred, saw what happened. Plaintiff does not remember anything...

79. ▲ State v. Capote, 2010 N.C. App. LEXIS 1477

Court of Appeals of North Carolina ｜ Aug 03, 2010 ｜ 2010 N.C. App. LEXIS 1477

... S.E.2d 434 , 440 (1989) . Cruz also argues that "reason to know" and "willful **blindness**" are not recognized standards under North Carolina case law sufficient to establish the element of knowledge in this context. However, Cruz's reliance on these arguments...

80. ◆ Moseley v. Hendricks, 292 N.C. App. 258

Court of Appeals of North Carolina ｜ Feb 06, 2024 ｜ 292 N.C. App. 258

> **Overview:** The trial court did not err in granting the motions for summary judgment filed by a golfer and a city as to contributory negligence because a golf car passenger failed to exercise ordinary care for his safety, and there was a proximate connection between that failure and his injury.

... defendant Hendricks on 17 June 2019, alleging that the ball strike caused injury and **blindness** to his left eye. Plaintiff filed an amended complaint on 6 January 2020 adding the City of Wilson as a defendant. On 14 May 2021, defendant Hendricks filed a motion...

81. ◆ Gaines v. Cumberland County Hosp. Sys., 203 N.C. App. 213

Court of Appeals of North Carolina ｜ Apr 06, 2010 ｜ 203 N.C. App. 213

> **Overview:** In this medical malpractice suit, the grant of summary judgment to defendants was reversed; plaintiffs submitted a signed affidavit by a nurse in which she asserted that the nurses of the medical center did not comply with the standard of care in this case, in part because of their failure to perform a complete Pediatric Admission Assessment form.

... 'shaken-baby syndrome,'" and subsequently with "severe permanent brain damage, **blindness** and seizures." Id. at 886 . During a bench trial, Dr. John A. Tilelli , the Chapas' expert medical witness, testified that, in his opinion, the care provided during...

82. ▲ Hollman v. Raleigh, Public Utilities Dep't, 273 N.C. 240

Supreme Court of North Carolina ｜ Mar 20, 1968 ｜ 273 N.C. 240

Overview: An employee was entitled to an 80 percent permanent partial disability benefit for a permanent change in his vision as a result of being electrocuted in an accident that arose out of and in the course of his employment.

... per centum, or more, loss of vision in any eye, this shall be deemed 'industrial **blindness**' and compensated as for total loss of vision of such eye." Courts are in sharp conflict as to whether the correction of vision by lenses is a factor to be considered...

83. ▲ State v. Davenport, 227 N.C. 475

Supreme Court of North Carolina Jun 05, 1947 227 N.C. 475

Overview: In a criminal trial, the trial court committed no prejudicial error in refusing to sustain motions to quash bills of indictments, refusing to allow challenge for cause of a juror, and refusing to sustain motions for judgments of nonsuit.

... conspire with himself, and as the State accepted Ed Alridge's plea of guilty of **assault**, but not guilty of conspiracy, and as the jury acquitted Clarence Alridge, and as Wes Buchanan was dead, there was no one left in the case for him to conspire with...
... will not see,' applies here with full force and vigor, and it is argued that this **blindness** was caused solely by the dazzling light of 260 per centum per annum, and by no other consideration." We concede the Davenport Plan to be one calculated to attract...

84. ◆ White Sewing Mach. Co. v. Bullock, 161 N.C. 1

Supreme Court of North Carolina Dec 04, 1912 161 N.C. 1

Overview: A trial court improperly held in favor of the vendors in a breach of contract action against the purchasers because the issue of fraud existed in the pleadings and should have been submitted to the jury.

... favorable consideration when he complains that he has suffered from his own voluntary **blindness** and been misled by overconfidence in the statements of another. The reason for this doctrine is based upon the ground that public policy requires people to exercise...

85. ● Day v. Brant, 205 N.C. App. 348

Court of Appeals of North Carolina Jul 20, 2010 205 N.C. App. 348

Overview: Testimony of a medical causation expert that an accident victim had a greater than fifty percent chance of survival if given medical treatment coupled with an explicit report on how the victim could have been treated was sufficient evidence of proximate cause of death from an untreated lacerated liver to survive a motion for a directed verdict.

... requisite causal connection between Defendants' alleged negligence and Plaintiff's **blindness**." Id. In White, 88 N.C. App. at 383 , 363 S.E.2d at 205 , the plaintiff's expert testified that the decedent's chances of survival would have increased if he had ...

86. ▲ Day v. Brant, 218 N.C. App. 1

Court of Appeals of North Carolina · Jan 17, 2012 · 218 N.C. App. 1

> **Overview:** Plaintiffs' expert sufficiently established breach of standard of care proximately caused death of plaintiffs' son, who had liver lacerations, because expert testified son's survival was not merely possible but was probable if defendants had complied with standard of care; the trial court erred in entering directed verdict for defendants.

... requisite causal connection between Defendants' alleged negligence and Plaintiff's **blindness**." Id. In White , 88 N.C. App. at 383 , 363 S.E.2d at 205 , the plaintiff's expert testified that the decedent's chances of survival would have increased if he had...

87. ❶ In re Inquiry Concerning a Judge (Murphy), 376 N.C. 219

Supreme Court of North Carolina · Dec 18, 2020 · 376 N.C. 219

> **Overview:** A judge was censured where law clerk testimony and other evidence showed, inter alia, that the judge had allowed a law clerk to aggressively use profanity in the workplace, the judge had engaged in vindictive behavior toward the complaining clerks, and was dismissive of the comments and behavior.

... his prior employment by a female co-worker who had pulled him into a vehicle and **assaulted** him after she "misconstrued" their relationship. Mr. Tuite also told Respondent about this incident, but described it in "vulgar terms." 20. Later, during a cold ...

... the judicial branch. Finally, Respondent objectively displayed an extraordinary **blindness** to the seriousness of the judiciary's efforts to ensure that all employees are treated respectfully and fairly in the workplace and caused two intelligent and respected...

88. ▲ Azzolino v. Dingfelder, 315 N.C. 103

Supreme Court of North Carolina · Dec 10, 1985 · 315 N.C. 103

> **Overview:** Parents' claim for relief for "wrongful birth" and the child's claim for "wrongful life" against healthcare providers were dismissed as not cognizable under North Carolina law. The child was afflicted with Down's Syndrome.

... syphilis. Early siblings were born with a collection of defects such as deafness, **blindness**, and retardation. The usual response of the students is: "Abort!" The teacher then calmly replies: "Congratulations, you have just aborted Beethoven." Trotzig. The...

89. ▲ Greensboro-High Point Airport Authority v. Johnson, 226 N.C. 1

Supreme Court of North Carolina · Jan 31, 1946 · 226 N.C. 1

> **Overview:** Writs of mandamus ordering treasurers to pay to an airport authority appropriations by their respective boards were proper when the authority was created by legislative power and the municipalities benefitted from the authority's public service.

Recipient# 934404, Sender# 6227647, Letter# 8279801, Tracking# 5091,

... within the gates, even more than the stranger from afar, will pay the price of **blindness**." We have been cited no provision of the Constitution, and we find nothing in the statutes, which would justify us in raising a judicial bar to the appropriations...